(C.D. 4237)

BORDER BROKERAGE COMPANY, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 24, 1971)

*Glad & Tuttle (George R. Tuttle* of counsel) for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Susan C. Cassell*, trial attorney), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: The cases listed in schedule "A," annexed hereto and made a part hereof, were consolidated for the purpose of trial. The

---

imported merchandise consists of gasoline-operated chain saws and parts and was assessed with duty at the rate of 11.5 per centum ad valorem under the provisions of paragraph 372, Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, or 10.5 per centum ad valorem under said paragraph 372, as modified by T.D. 55615, depending upon date of entry. The gasoline engines are claimed to be properly dutiable at the rate of 8¾ per centum ad valorem under paragraph 372, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, or 7¾ per centum ad valorem under paragraph 372, Tariff Act of 1930, as modified by T.D. 55615. Plaintiff contends the balance of the merchandise should be assessed at the rate of 11.5 per centum ad valorem under paragraph 372, as modified by said Sixth Protocol, *supra.*

The record in the case of *Border Brokerage Co., Inc., et al.* v. *United States*, 58 Cust. Ct. 185, C.D. 2929 (1967), was incorporated herein without objection, and the testimony of one witness called on behalf of plaintiff, as well as three exhibits, was presented to supplement the incorporated record.

Defendant made the following request to be relieved of filing a brief.

> The United States, defendant, hereby requests that it be relieved from filing a brief herein. This request is being made in view of the record made herein and the plaintiff's claim that the imported merchandise is not properly classifiable as an entirety, and that the chain saw portion of the merchandise is dutiable at 11½ percent under paragraph 372, Tariff Act of 1930, and the internal combustion engine is dutiable at 8¾ percent under paragraph 372, Tariff Act of 1930, which claim we agree is correct.

Based upon the foregoing concession, together with the record which establishes the various uses of the gasoline engines involved without modification and the feasibility of operation of the chain saws by electricity, we find the classification as entireties to be erroneous. Since no separate values for the contested articles were found by the appraising officers, we find the appraisements of the merchandise covered by protests 63/616 and 63/629 to be invalid and void and the liquidation of the entries premature. It follows that the protests filed herein are likewise premature. We, therefore, dismiss the protests in accordance with the provisions of title 28 U.S.C., section 2636(d), and the cases are remanded to a single judge to determine the proper dutiable value of the merchandise.

As to protest 63/14179 covering chain saw motors separately appraised, the court *sua sponte* severs this protest and sustains the claim as to the motors being properly subject to classification under paragraph 372, *supra*, at the rate of 7¾ per centum ad valorem.

Judgment will be entered accordingly.